UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEDRO ANDRES KOBASIC,

        Movant,

                                              CASE NO. 2:17-cv-17

v.

                                              HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

        Respondent.
_____/

## OPINION

This matter comes before the Court on Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) On June 30, 2017, the Government filed a response in opposition. (ECF No. 12.) The Court has reviewed the § 2255 motion and finds that oral argument is unnecessary. The motion fails substantively.

**I.**

In 2010, Kobasic was charged with conspiracy to distribute and possess with intent to distribute marijuana. (*United States v. Kobasic*, No. 2:10-cr-20 W.D. Mich., ECF No. 34.) He agreed to plead guilty, but absconded and fled to Mexico before his change-of-plea hearing on April 20, 2011. (*Id.* at ECF No. 131.) In 2014, Kobasic was arrested and brought back to the United States. He pleaded guilty pursuant to a plea agreement, and the Court sentenced him to 87 months in prison. (*Id.* at ECF No. 238.)

Kobasic alleges several claims of ineffective assistance of counsel against his attorney, Sarah Henderson.[1] He argues the following: (1) counsel failed to conduct an adequate investigation; (2) counsel failed at each stage to challenge the Government's actions; (3) counsel failed to (a) form a working relationship with him, (b) interview him, (c) communicate with him regarding the evidence against him, (d) determine mitigating circumstances and potential witnesses, (e) file meaningful pre-trial motions, and (f) object; (4) counsel failed to file a motion to dismiss based on the statute of limitations; (5) counsel failed to investigate Kobasic's background in preparation for sentencing; (6) counsel failed to file a motion of appeal when instructed to do so; (7) the Court failed to require the government to state a factual basis of guilt, and counsel was ineffective for allowing this to happen; (8) counsel did not adequately prepare Kobasic for his presentence report interview; (9) counsel did not know how to calculate the Guidelines range; and (10) counsel should have entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) because that would have ensured credit for acceptance of responsibility. (ECF No. 1-1; PageID.19-28; ECF No. 12, PageID.128-29.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255

---

[1] In his attached memorandum of law, Kobasic cites several cases that discuss ineffective assistance of counsel. His brief does not distinguish between the legal standards in these cases and his specific allegations against his attorney. The Court has reviewed his attorney's declaration (ECF No. 11) and the government's interpretation of Kobasic's allegations (ECF No. 12, PageID.128-29) and agrees with their interpretation of Kobasic's ineffective-assistance-of-counsel claims.

motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

To succeed on an ineffective-assistance-of-counsel claim, Movant must establish the following: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.* Movant bears the burden of proof for each prong, and the Court may dismiss a claim of ineffective assistance of counsel if he fails to carry his burden of proof on either one. *Id.* at 687, 697. When evaluating the *Strickland* prongs, the Court must afford "tremendous deference to trial counsel's decisions." *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, the purpose of which is "to protect lawyers from having strategic decisions judged with 'the distorting effect of hindsight.'" *Boria v. Keane*, 99 F.3d 492, 498 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

The *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of guilty pleas, the first prong of *Strickland* remains the same, and the "second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 58-59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### A. Failure to conduct an adequate investigation

Kobasic alleges that counsel failed to conduct an adequate investigation, which is "[a]t the heart of an effective defense[.]" (ECF No. 1-1, PageID.19.) He alleges that counsel was not prepared, did not conduct a basic investigation of the facts or interview a single witness, and was not prepared to properly advise him. (*Id.*) Kobasic cites *United States v. DeCoster*, 487 F.2d 1197 (D.C. Cir. 1973) ("*DeCoster I*"), but he does not include any specific allegations against counsel.

In *DeCoster I*, the D.C. Circuit opined that defense counsel should be guided by the American Bar Association Standards for the Defense Function, which include consultation with the client, advising the client of his rights and taking all actions necessary to preserve them, and conducting appropriate investigations. *Id.* at 1203. In *United States v. DeCoster*, 624 F.2d 196 (D.C. Cir. 1976) ("*Decoster II*"), the court clarified that "a mere breach of duty to an accused is not a constitutional violation unless the defendant proves that he was prejudiced." *Id.* at 238.

Not only does Kobasic fail to include any specific allegations as to what counsel failed to investigate, he also fails to describe how he was prejudiced. He does not identify any witnesses that Henderson should have interviewed or any additional investigation that she should have conducted. Rather, he simply concludes that she "failed to perform at least as well as a lawyer with ordinary training and skill in the practice of criminal law." (ECF No. 1-1, PageID.20.)

"[C]onclusory statements [in a § 2255 motion], without factual material upon which to test the validity of the conclusions, are insufficient the claim (sic) for relief requested." *United States v. Whitson*, No. 6:14-cv-7346, 2015 WL 520531, at *4 (E.D. Ky. Feb. 9, 2015) (citing *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972), *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961), and *Slayton v. United States*, No. 1:00-CR-27, 2011 WL 1364059, at *2 (E.D. Tenn. Apr. 11, 2011) ("A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255.")). Because Kobasic has failed to allege specific facts under his failure-to-investigate claim, he has not satisfied either *Strickland* prong.[2]

---

[2] Movant argues that prejudice is presumed where counsel "fail[s] to function in any meaningful sense as the Government's adversary," *Cronic*, 466 U.S. 648, 666 (1984), but he has not alleged any facts to show that Henderson failed to do so.

**B.  Failure to challenge the prosecutor's actions**

Kobasic argues that counsel failed to challenge the government's case at each stage of the proceedings.  Again, he does not provide any factual support or specific allegations as to what challenges she should have raised.  Kobasic has not shown that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial, so this claim is also without merit.

**C.  Failure to form a working relationship**

Kobasic also alleges that counsel failed to do the following: (1) form a meaningful and close working relationship with the client; (2) interview the client carefully and independently investigate the underlying facts of the case; (3) communicate to the client all evidence against him; (4) determine the mitigating circumstances and interview potential witnesses; (5) file meaningful pre-trial motions; and (6) object throughout the proceedings in an effort to protect the record against procedural default or waiver. (ECF No. 1-1, PageID.20.)

First, these allegations are rebutted by Kobasic's answers during his change-of-plea hearing before Magistrate Judge Timothy P. Greeley on November 3, 2014.  (*Kobasic*, No. 2:10-cr-20 W.D. Mich., ECF No. 228.)  During the hearing, the Magistrate Judge ensured that Kobasic had time to meet with his attorney and to ask her questions, to discuss the Sentencing Guidelines with her, and to discuss the plea agreement.  (*Id.* at PageID.670-71, 675-77.)  Kobasic confirmed all of the above, and when the Magistrate Judge asked if he would like to take a break to talk with his attorney or continue, he indicated that he wanted to continue and plead guilty.  (*Id.* at PageID.670-77.)  Kobasic offers no reason to rebut the truthfulness of his statements during the change-of-plea hearing.

Further, during the sentencing hearing, Kobasic acknowledged that he reviewed the presentence report with counsel and that he was satisfied with her representation. (*Id.* at ECF No. 241, PageID.764.) Thus, this claim also fails.

### D. Failure to file a motion to dismiss based on the statute of limitations

Kobasic argues that counsel was ineffective for failing to move to dismiss the superseding felony information because it was brought outside of the five-year statute of limitations period. During the change-of-plea hearing, the Government explained that the superseding felony information to which Kobasic pleaded guilty was dated five years and five days after the offense conduct ended. (*Kobasic*, No. 2:10-cr-20, ECF No. 228, PageID.678.) The Government cited *United States v. Garcia*, 268 F.3d 407 (6th Cir. 2011)[3], which held that "[a] superseding indictment brought outside of the five-year limitations period while an earlier indictment is still validly pending will nonetheless be timely under § 3282 so long as it does not materially broaden the charges of the original indictment." (*Id.* at PageID.677.) The Government explained that the charge in Kobasic's superseding felony information was essentially the same as in the original indictments, and did not broaden the original indictments, but actually reduced them by changing the drug quantity to a lower amount. (*Id.* at PageID.678.) Counsel also conducted legal research on this issue, and because the statute of limitations tolled when Kobasic became a fugitive, she concluded that she could not make a colorable argument. (Attach. K, ECF No. 11, PageID.102-109.) A defense counsel is not required

---

[3] Although *Garcia* has been overruled on other grounds by the Sixth Circuit in *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002), the Sixth Circuit has continued to cite *Garcia* for the proposition the Government articulated during the plea hearing. *See United States v. Rosenbaum*, 628 F. App'x 923, 930 (6th Cir. 2015) ("Once the government brings an indictment, the statute of limitations is tolled as to the charges in that indictment.") (citing *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999)).

to raise meritless arguments in order to avoid a charge of ineffective assistance of counsel. *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). Thus, counsel's failure to raise the issue after she determined that it was meritless was not deficient performance.

Further, even if the Court had dismissed the superseding information, Kobasic would still have faced the charges in the original and superseding indictments. *See United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) (explaining that "[a]n original indictment remains pending prior to trial, even after the filing of a superseding indictment, unless the original indictment is formally dismissed"); *United States v. Vavlitis*, 9 F.3d 206, 209 (1st Cir. 1993) (noting that "a superseding indictment does not void the original indictment"). So Kobasic has also failed to show that he was prejudiced because of her alleged failure to raise the motion. Therefore, this claim is without merit.

### E.  Failure to investigate Kobasic's background in preparation for sentencing

Kobasic also alleges that counsel failed to properly investigate Kobasic's background. Again, Kobasic does not identify any specific facts or witnesses that counsel could have found with additional investigation. Therefore, he has not shown prejudice.

### F.  Failure to file a notice of appeal

Kobasic alleges that counsel failed to file a notice of appeal. But Henderson filed a timely notice of appeal on February 17, 2015. (*Kobasic*, No. 2:10-cr-20, ECF No. 289, PageID.747.) And she represented Kobasic on appeal before the Sixth Circuit. (*See id.* ECF No. 260-1, PageID.913.) Thus, this claim is meritless.

**G. Failure to ensure that Kobasic's plea was knowing and voluntary**

Kobasic appears to make two arguments: (1) that the Court failed to ensure that Kobasic's plea was knowing and voluntary because it did not require the Government to state a factual basis of guilt; and (2) that Henderson was ineffective for allowing this to happen.

Rule 11(b)(3) requires that the district court determine there is a factual basis for the plea before entering judgment. "The purpose of this requirement is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 2007). It "does not provide any guidance concerning the steps a district court should take to ensure that a factual basis exists." *United States v. McCreary-Redd*, 475 F.3d 718, 722 (6th Cir. 2007). The ideal means to establish a factual basis of guilt is for "the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading guilty." *Tunning*, 69 F.3d at 112.

During the change of plea hearing, Kobasic explained, in his own words, why he thought he was guilty of the offense:

> DEFENDANT KOBASIC: Well, between 2005 and 2009 I supplied Nathan with marijuana for him to sell up in the U.P. where he lived. I did this mostly at the very beginning and at the very end, 2005 and 2009. Between 2007 and 2009 he had somebody else that he was working with at that time, so I wasn't involved.
>
> The shipments were either delivered personally or through Fed Ex sometimes. I admit that the total amount that was done in that time that I was involved was 50 kilograms or more.

(*Kobasic*, No. 2:10-cr-20, ECF No. 228, PageID.688.) The Court posed several follow-up questions, and Kobasic confirmed and provided additional details of his involvement in the drug conspiracy. (*Id.* at PageID.688-89.) This satisfied the requirements of Rule 11(b)(3). Kobasic has not shown

any reason for the Court to believe that his guilty plea was not a knowing, voluntary, and intelligent act, nor has he shown that counsel was deficient in failing to object to the factual basis for the plea. He also has not shown a "fundamental defect which inherently result[ed] in a complete miscarriage of justice or an error so egregious that it amount[ed] to a violation of due process." *Watson*, 165 F.3d at 488.  Thus, the sentencing transcript refutes this claim.

### H. Failure to adequately prepare Kobasic for his presentence report interview

According to counsel's time sheets, counsel met with Kobasic on November 7, November 13, and December 11, 2014—for a total of over 3 hours—to prepare Kobasic for his presentence report interview.  (Attach. F, ECF No. 11, PageID.91-92.)  Movant does not identify what else counsel could have done to prepare him for the interview, so this claim is also meritless.

### I. Failure to properly calculate the Guidelines range

Kobasic alleges that counsel did not know how to calculate the Guidelines range.  Counsel's declaration contains several different Guidelines calculations.  In 2011—before Kobasic fled—she forecast that his range would be 60 to 71 months with the five-year mandatory minimum sentence in effect.  (Attach. D, ECF No. 11, PageID.78.)  In September 2014, she concluded that Kobasic's adjusted offense level was 28, and with a 3-level reduction for acceptance of responsibility, his offense level total would be 25 and his criminal history category was II.  (Attach. I, *id.* at PageID.95-99.)  The Court denied the credit for acceptance of responsibility to find that his offense level total was 28 and his criminal history category was II, so his Guidelines range was 87 to 108 months. (*Kobasic*, No. 2:10-cr-20, ECF No. 241, PageID.763-64.)  The Court sentenced him at the bottom of the range to 87 months.  (*Id.* at PageID.777.)

"An attorney's alleged inaccurate sentencing prediction, standing alone, is not ineffective assistance of counsel." *Fox v. United States*, No. 213CV2759STAEGB, 2017 WL 384376, at *6 (W.D. Tenn. Jan. 25, 2017) (citing *United States v. Awad*, 980 F.2d 731, 1992 WL 354084, at *1 (6th Cir. Nov. 30, 1992) (table). "'Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

During the sentencing hearing, counsel advocated that the Court apply an obstruction-of-justice enhancement as well as an acceptance-of-responsibility credit. (*Kobasic*, No. 2:10-cr-20, ECF No. 241, PageID.761.) Pursuant to the plea agreement, the Government did not oppose Kobasic's request for acceptance of responsibility. (*Id.* at ECF No. 206, PageID.586.) Thus, it was reasonable for counsel to conclude that Kobasic would get credit for acceptance of responsibility. There was a risk that the Court would decline to credit Kobasic for acceptance of responsibility because he absconded, but effective assistance does not require counsel to make a perfect prediction as to how the Court will rule. Therefore, this argument is meritless.

### J. Failure to enter into a plea agreement under Fed. R. Crim. P. 11(c)(1)(C)

Kobasic also alleges that counsel should have forced the Government to enter into a binding plea agreement under Rule 11(c)(1)(C). But "plea agreements are contractual in nature." *United States v. Morris*, 470 F.3d 596, 600 (6th Cir. 2006). Counsel could not force the Government to enter into a binding plea agreement, and the Government argues that it would not have entered into such an agreement in this case. (ECF No. 12, PageID.145.) Thus, this claim is without merit.

## IV.

The motion will be denied because it is without merit. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Movant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Movant's ineffective-assistance-of-counsel claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* A movant "satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Movant's claims. *Id.* The Court finds that reasonable jurists could not find that this Court's dismissal of Movant's ineffective-assistance-of-counsel claims was debatable or wrong.

A judgement and order will enter in accordance with this opinion.

Dated:     July 17, 2017                    /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE